Ludington *v.* City of Elizabeth.

BENJAMIN L. LUDINGTON, guardian,

*v.*

THE CITY OF ELIZABETH.

Under the act to quiet titles (*Rev. p. 1189*) complainant filed his bill, alleging that he is the owner in fee, and in possession of certain land in the city of Elizabeth, described in the bill; that the city claims title to the property, or some part of it, or some lien thereon, whereby complainant's title is clouded, the value of the lot impaired, and that no suit is pending, &c. The bill also prays that the city may specify its title, claim or encumbrance, how it was obtained, and that such claim may be adjudged to be void, and for general relief, on demurrer.—*Held,*

(1) That an averment that complainant is the owner in fee of the land, and in possession, is a sufficient statement of the qualification required by the act, "in peaceable possession, claiming to own" the land, certainty to a common intent being all that is required in the pleading.

(2) That it is not necessary to state what the claim is which the defendant makes, or is said to make.

(3) That, though the object of the bill may be to reach a claim which cannot be reached by this suit, inasmuch as it does not appear, it is, of course, no ground of demurrer.

(4) Nor is it ground of demurrer that no ticket was issued with the subpœna.

Bill to quiet title.  On general demurrer.

*Mr. R. E. Chetwood*, for the demurrant.

*Mr. G. P. Smith*, for complainant.

THE CHANCELLOR.

The bill states that the complainant is the owner in fee, and is in possession of certain land in the city of Elizabeth, described with certainty in the bill; that the city claims title to the property, or some part of it, and claims a lien thereon, by the existence whereof the complainant's title to his land is clouded, and the value of the property impaired, and that no suit is pending to enforce or test the validity of the title, claim or encumbrance of the city to the property. It prays answer, that the city may specify its title, claim or encumbrance to the land, and how it obtained the title, and by what instrument the title is derived or created; that the claim of the city may be adjudged to be void, and for general relief.  The causes of demurrer assigned are, that it does not appear that the complainant is in peaceable possession of the property; that the bill does not specify the title, claim, lien or encumbrance against which the bill is directed, and that no ticket was served with the subpœna.

The act "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*Rev. p. 1189*), provides that when any person is in peaceable possession of lands in this state, claiming to own the same, and his title thereto is denied or disputed, or any other person claims or is claimed to own the same, or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit shall be pending to

·enforce or test the validity of such title, claim or encumbrance, it shall be lawful for such person so in possession, to bring and maintain a suit in chancery to settle the title of said lands, and to clear up all doubts and disputes concerning the same; that the bill of complaint in such suit shall describe the lands with certainty, and shall name the person who claims, or is claimed or reputed to have such title or interest in or encumbrance on said lands, and shall call upon such person to set forth and specify his title, claim or encumbrance, and how and by what instrument the same is derived or created. The statute, indeed, confines the remedy which it gives to persons in peaceable possession of lands, claiming to own them, but it does not provide that the bill shall make any statement on that head.

In *Smith* v. *Newark, 5 Stew. 1,* and in *McClave* v. *Newark, 4 Stew. 472,* decided at the October term, 1879, both of which were suits brought under the statute, it was held that the objection that the bill contained no such statement, where the objection was made for the first time at the hearing, came too late, the defendants having answered, and not alleging that the condition of qualification to maintain the suit did not exist, and it not appearing that it did not exist. It should appear, by the bill, that the complainant is qualified, according to the act, but certainty to a common intent is all that is required.

The bill states that the complainant is the owner in fee of the lands, and is in possession thereof. If he is the owner in fee, and in possession, the presumption is, that he is rightfully in possession. The averment is sufficient. The complainant is not required to state the claim made by the defendant, which it is the object of the suit to silence or extinguish. It might be impossible to do so.

The court of appeals, in *Bogert* v. *City of Elizabeth, 12 C. E. Gr. 568, 572,* said that the language of the act should be construed to give jurisdiction in every case in which any claim or lien upon real estate appears to be asserted or to exist, and to reach every lurking and unsubstantial claim,

the mere suspicion of which, however ill-founded, affects the value of the property when on sale.

The defendant is called upon to declare and specify any claim he may have upon or against the property. Moreover, the act contemplates not only the case of claim asserted by a person in his own favor, but also that of claim made or alleged to exist in favor of one person by another. If the defendant has no claim upon the property, he may suffer a decree *pro confesso* to go against him, or he may disclaim, and in such case he will not be required to pay costs, and if he disclaim under oath he will be entitled to his costs. If he has any claim he must specify and set forth the estate, interest or encumbrance which he claims, and the manner in which and the sources through which such title or encumbrance is claimed to be derived.

It is urged that the complainant, by this bill, seeks to avoid a title which, under the decision in *Jersey City* v. *Lembeck, 4 Stew. 255*, cannot be avoided under the act. The objection has no force, for it does not appear that such is the object, and if such is the object it cannot appear until the answer shall have been filed.

The act provides that with the subpœna there shall be issued a ticket to the defendant, describing the lands with precision, stating the object of the suit, and that if the defendant claims any title or interest to or encumbrance upon the lands, he is required to answer the bill, and not otherwise. The objection that no ticket was issued with the subpœna is not a ground of demurrer. Relief on that ground must be obtained otherwise. The defendant in this case, however, has waived the issuing and serving of the ticket by appearing and demurring.

The demurrer will be overruled, with costs.